AO106 (Rev. 7/87) Affidavit for Search Warrant

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 14 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

__Western__ DISTRICT OF __Virginia__

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Southern Gun, INC., located at 6311 Virginia Avenue, Bassett, VA. 24055

Described as: Single story, concrete structure with a brick and glass face. The numbers "6311" are posted on the mailbox just South of the building. Two white signs that read "GUNS" in red letters on both the left and right sides.

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

Case Number: 7:13-MJ-00029

I, __Michael C. Cilento__ being duly sworn depose and say:

I am a(n) __Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives__ and have reason to believe
Official Title

That ☐ on the person of or  ☒ on the property or premises known as (name, description and/or location)

See Attachment A, incorporated as part of warrant.

in the __Western__ District of __Virginia__

there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B, incorporated as part of warrant.

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

Property which constitutes evidence of the commission of a criminal offense.
Contraband, evidence of the crime, fruits of the crime, instruments of the crime,
concerning a violation of Title __18__ United States code, Section(s) __922(a)(6), 924(a)(1)(A), 371, 2__

The facts to support a finding of Probable Cause are as follows:

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_/s/ M.C.C._
Signature of Affiant

Sworn to before me and subscribed in my presence,

_Robert S. Ballou_ At Roanoke, Virginia
Date                                City and State

United States Magistrate Judge, Robert S. Ballou          _/s/ Robert Ballou_
Name and Title of Judicial Officer                        Signature of Judicial Officer

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 14 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

7:13-MJ-00029

# AFFIDAVIT OF:

Special Agent Michael C. Cilento
Bureau of Alcohol, Tobacco, Firearms and Explosives

I, Michael C. Cilento, being duly sworn, state that I am a Special Agent with the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed since July 01, 2001. I am currently assigned to the Roanoke, Virginia ATF Field Office. I have successfully completed the Criminal Investigators Training Program and New Professional Training, ATF National Academy, held at the Federal Law Enforcement Training Center, Glynco, Georgia. I have also successfully completed the Firearms Interstate Nexus Expert course, held at the ATF National Tracing Center, Martinsburg, West Virginia. Prior to this employment, I was employed as a sworn police officer for the City of Chesapeake, Virginia for six years. During those six years, I was assigned to the Uniform Patrol Division and the Traffic Bureau. I was responsible for investigating Felony crimes of violence, property crimes, and assisted in drug trafficking investigations. Since becoming an ATF Special Agent, I have provided testimony before the Federal Grand Jury and in the U.S. District Court in reference to violations of the Federal Firearms laws and Narcotics laws. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws and know that it is a violation of :

Title 18 U.S.C. 922 (a)(6) states "it shall be unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented

identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter".

Title 18 U.S.C. 924 (a)(1)(A) states "whoever knowingly make any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter shall be fined under this title or imprisoned not more than five years or both."

Title 18 U.S.C. 371, states "If more than two persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years".

Title 18 U.S.C. 2, states "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal".

The ATF, the Martinsville Police Department (MPD) and the Henry County Sheriff's Office (HCSO) have conducted this investigation. Your affiant has led this investigation and is thoroughly familiar with the information contained in this affidavit. During the course of this investigation, I obtained the following information from local police officers, sources of information (SOI) and a cooperating source of information (CS). I have not included all of the facts relative to this investigation, but have only included those facts necessary to establish relevant probable cause.

Your affiant learned that David Carson HASKINS, DOB: 8-27-55, SS# 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, is operating a Federal Firearms Licensee (FFL# 154089023J04382) Southern Gun Inc. in Bassett, VA.

Through my training and experience, I know that the ATF transaction record (Form 4473) is a form that a customer is required to complete when purchasing a firearm from a Federal Firearms Licensee. This form, which is signed by the purchaser and the licensee, requires the purchaser to state whether he or she is the actual buyer of the firearm. I also know that the records of firearms transactions are required to be kept on the premises of Federal Firearms Licensees, including ATF 4473's and firearm acquisition and disposition books.

On 2-2-13, your affiant received a phone call from a SOI #1 who is a supervisor at Town Police Supply in Collinsville, VA. SOI # 1 stated that his business was a distributor for Smith and Wesson (S&W) firearms. SOI #1 further stated that his business received a shipment of two hundred (200) S&W, M&P 10, .308 caliber rifles on 1-30-13. SOI #1 stated that this particular rifle was brand new and had not been sold to the public prior to this date. SOI #1 further stated that S&W had requested that he sell these 200 rifles to law enforcement/public safety officers and military only. SOI # 1 stated that his business began selling these rifles on 2-1-13 for $1399.00 each. SOI # 1 stated that they limited the sale of these rifles to two (2) per law enforcement and public safety officer. SOI # 1 further stated that his business was running a promotion if you purchased a rifle you could also purchase a S&W handgun at a discounted price as well ($368.00). SOI # 1 stated that they sold approximately twenty-five (25) rifles on 2-1-13.

On 2-2-13, SOI # 1 was contacted by one of his customers who stated that he saw where

Southern Gun was selling two of these rifles on Gunbroker.com for $1700.00 each. (Note; Gunbroker.com is an internet auction site and the $1700.00 was the reserve price for the weapon) SOI # 1 stated that his business was the only one in the area that had these rifles and that someone must have sold them to Southern Gun. SOI # 1 conducted a search of the individuals he had sold these rifles to on the previous day and discovered that one of the police officers (James Slate) was currently dating HASKINS daughter (Erin Haskins). SOI # 1 stated that Slate purchased two rifles and two pistols on that date. SOI # 1 further stated that Slate was accompanied by another officer (Allan Arrington) who also purchased two rifles and two pistols on that date. SOI # 1 stated that each of the officers paid approximately $3,900.00 cash for the weapons.

On 2-2-13 your affiant conducted a search of Gunbroker.com and observed firearms that matched the description of the aforementioned rifles listed for sale by Southern Gun, INC. The serial numbers of the firearms were not listed and therefore could not be verified.

On 2-6-13, your affiant was contacted by SOI # 2 who is a supervisor at the HCSO. SOI # 2 stated that one of his employees has contacted him in reference to some suspicious activity at Southern Gun, INC. SOI # 2 provided your affiant with the contact information for his employee who will be further referred to as CS.

On 2-7-13, your affiant contacted the CS by telephone in reference to his involvement with Southern Gun, INC. The CS stated that he purchased one of the aforementioned rifles from Southern Gun, INC. on 2-1-13 for $1,399.00. The CS stated that he eventually put the rifle SN: KN00389 on Gunbroker.com for sale. The CS stated that he was asking $1,900.00 for the rifle.

(Note: the 1,900.00 price was the buy now price if you did not want to bid on the weapon)

The CS stated that he received a phone call (276-340-3400) from an individual who stated his name was "David" who informed him that he had just purchased the rifle. The CS stated that "David" told him that he owned Southern Gun. "David" was later verified to be David HASKINS. The CS stated that HASKINS asked him who he worked for because only law enforcement and public safety could purchase these guns. The CS stated that he felt uncomfortable providing his occupation over the phone. The CS stated that HASKINS asked him if he would be interested in purchasing additional rifles from Town Police and selling them to him. The CS stated that he was uncomfortable with this conversation as well and told HASKINS that he would call him back after he thought about it.

On 2-8-13, the CS conducted a controlled phone call to HASKINS in reference to completing the sale of his rifle. HAKSINS told the CS "I thought it was fishy when you did not call me back for a few days so I got four more of them since we talked." HASKINS told the CS to come to Southern Gun to conduct the transaction. On the same date the CS was provided with a recording device and a camera capable of recording the transaction. HASKINS took possession of the aforementioned rifle and paid the CS $1,900.00 cash for it. During the transaction HASKINS stated that he had already purchased several and sold seven (7) of these rifles. HASKINS stated "Right now what I got some boys doing is that they are going up there and getting me the rifles and I'm giving them a hundred dollars ($100.00) profit on the rifles, and I'm giving them twenty-five dollars ($25.00) profit on the pistols. What they are doing is they are getting two rifles and two pistols and they are making two hundred and fifty dollars ($250.00)". The CS stated that HASKINS lowered his voice when he began to talk about these purchases. The CS asked HASKINS why he could not purchase the rifles himself? HASKINS told him

that Town Police did not want to sell them to the competition. The CS asked HASKINS how was he going to pay for these guns? HASKINS told him to put them on a credit card and then come to him and he would give him cash for them. The CS stated that he was having financial difficulties and could not put the rifles on a credit card. HASKINS then stated "take the money I just gave you and go and buy one rifle and one pistol, then come back and sell them to me, I will give you $125.00 for doing that plus the money for the guns, then you can take that money and go buy one rifle and one pistol again, and bring them back to me for another $125.00. The CS stated that he observed several gun boxes that were similar to the one he just sold HASKINS stacked on the back wall of the store. The CS told HASKINS he would call him back in reference to the future purchases of rifles. HASKINS told the CS to let him know when he was going to do it because he had two guys going into Town Gun tomorrow to buy four (4) more rifles.

On 2-13-13, your affiant contacted SOI #1 by phone. SOI #1 stated that he conducted a detailed search of his records which revealed that Town Police Supply sold three (3) of the aforementioned rifles on 2-9-13. SOI #1 further stated that one (1) individual purchased two (2) of the aforementioned rifles and pistols on that date using their law enforcement/public safety or military identification. SOI #1 stated that this individual has purchased six (6) rifles and six (6) pistols within the last week.

Based on the above information there is probable cause to believe David C. HASKINS conspired to conduct multiple straw purchases of firearms from Town Police Supply, in violation of Title 18 U.S.C. Sections 922 (a)(6), 924(a)(1)(A), 371 and 2. In light of the above, your affiant prays that the court issue a search warrant authorizing him, with necessary and proper assistance, to

enter the premises located at 6311 Virginia Avenue, Bassett, Virginia to include curtilage, outbuildings, vehicles and appurtenances contained thereon to search for property outlined in attachment "B" of this affidavit.

Michael C. Cilento
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn before me this __14__ day of February, 2013

Robert S. Ballou
United States Magistrate Judge